IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHILLIP REED, <br> #57959177, <br> MOVANT, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, <br> RESPONDENT. | § <br> § <br> § <br> § <br> §    CASE NO. 3:22-CV-2785-B-BK <br> §    (CRIMINAL NO. 3:18-CR-194-B-2) <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Phillip Reed's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed here, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

**I. BACKGROUND**

In 2020, Reed was convicted by a jury of possession of a firearm by a felon, possession with intent to distribute a controlled substance, and conspiracy to possess with intent to distribute a controlled substance, and was sentenced to 188 months' imprisonment and a five-year term of

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

supervised release. Crim. Doc. 180.² His conviction was affirmed on direct appeal on March 4, 2021. *United States v. Reed*, 838 Fed. Appx. 879 (5th Cir. 2021) (per curiam).

On August 2, 2022, Janet Reed, Movant's mother and a non-lawyer, moved to vacate sentence under 28 U.S.C. § 2255 in her capacity as holding power of attorney for Movant Reed. Civ. Doc. 2 at 14.³ On August 19, 2022, the undersigned recommended that the motion be dismissed for want of jurisdiction because Janet Reed did not have the authority to file the § 2255 motion on Reed's behalf. Civ. Doc. 3 ("Janet Reed apparently filed the § 2255 motion only under the authority granted her by Reed's power of attorney" and "does not provide any reason or explanation of the necessity for resort to the 'next friend' device, and none appears on the record in this case."). Neither Janet Reed nor Movant Reed (both served by mail in the previous case) filed any objections. On September 14, 2022, the Court accepted the magistrate judge's recommendation and dismissed the case for lack of jurisdiction. Civ. Doc. 4; Civ. Doc. 5.

On December 9, 2022, Movant Reed filed a pleading titled *Resubmission of Motion to Vacate Sentence under 28 U.S.C. § 2255*. Civ. Doc. 6. Because the first § 2255 case was already closed, the Court directed that the resubmitted motion be stricken and filed as a new § 2255 case. Civ. Doc. 7; Doc. 2. And, as the resubmitted motion appeared untimely, the Court subsequently directed Reed to respond regarding the application of the one-year limitations period, which he has now done. Doc. 4; Doc. 6.

---

² All "Crim. Doc." citations refer to the related criminal case: *United States v. Reed*, No. 3:18-CR-194-B-2 (N.D. Tex. May 13, 2020).

³ All "Civ. Doc." citations refer to the first § 2255 case: *Reed v. United States*, No. 3:22-CV-1683-B-BK.

After review of the relevant pleadings and applicable law, the Court concludes that Reed's resubmitted § 2255 motion is barred by limitations and, alternatively, fails on the merits. Therefore, this action should be dismissed.

## II. ANALYSIS

### A. The § 2255 Motion is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(f).  Reed does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4), so the limitations period began to run when his judgment of conviction became final.  *See* § 2255(f)(1).

Reed's conviction was affirmed on March 4, 2021, and Reed did not petition for a writ of certiorari.  Crim. Doc. 205.  Reed's judgment of conviction became final on Sunday, August 1, 2021, extended to Monday, August 2, 2021—when the time to file a certiorari petition expired 150 days later.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that a conviction becomes final when the time for filing a certiorari petition expires); Misc. Order Addressing the Extension of Filing Deadlines, 594 U.S. __ (July 19, 2021) (extending the deadline to file any petition for a writ of certiorari due on or after March 19, 2020, and before July 19, 2021, to 150 days from the date of the lower court judgment).[4]  So the one-year period provided by § 2255(f)(1) expired on August 2, 2022, and Reed's resubmitted § 2255 motion—deemed filed on

---

[4] The Supreme Court's miscellaneous orders relating to COVID-19, dated March 19, 2020, and July 19, 2021, are available on the Supreme Court's website at https://www.supremecourt.gov/announcements/covid-19.aspx (last accessed on February 13, 2023).

November 1, 2022—is time-barred absent equitable tolling.[5]

### B. There is No Basis for Equitable Tolling

A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and citations omitted); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control.") (emphasis in original).

Equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).

> Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect. Unfamiliarity with the legal process does not justify equitable tolling.

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (quotations and citations omitted).

Further, equitable tolling requires a litigant to pursue his rights with "reasonable diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). But the courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on

---

[5] The resubmitted § 2255 is deemed filed on November 1, 2022, the date on which Reed signed it and likely also handed it to prison officials for mailing. Doc. 2 at 13. *See* Rule 3(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use jail/prison's mail system). Even so, it is difficult to believe that more than one month expired from the date on which Reed presumably placed his § 2255 in the prison mail and December 9, 2022, the date on which the United States Postal Service delivered it to this Court. Doc. 2 at 15.

their rights.'" *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (per curiam) (quoted case omitted). And unexplained delays do not suggest due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Reed posits no facts from which the Court can find that equitable tolling applies in this case. In his response to the Court's show cause order, he states *in toto*:

> Motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was submitted before the prescribed limitation period expired. Said motion was returned with explanation as to what needed correcting to meet jurisdiction requirements.
>
> A new motion was duly filed as Resubmission and this Response to Order is being returned as required before 1/17/2023.

Doc. 6 at 1.

Liberally construing his statute-of-limitations response, Reed cannot now carry his burden of establishing that equitable tolling is warranted in this case. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). First, Reed did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). He squandered the entire one-year period, filing his first § 2255 on the last day of the limitations period. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (per curiam) (denying equitable tolling because petitioner waited first 10 and then 18 months to seek a status inquiry and had delayed seven months to file his state application).

Moreover, contrary to his assertion, Reed's first motion was "dismissed for lack of jurisdiction" and *not* "returned with explanation as to what needed correcting." Doc. 6 at 1. And, as noted, Reed was notified of the Court's recommendation and order of adoption and judgment. Even so, Reed did not resubmit his signed § 2255 motion until November 1, 2022, nearly one and one-half months after the first motion was dismissed, and provides no explanation

for the delay.  *See*, e.g., *United States v. Valles*, 2023 WL 248889, at *2 (5th Cir. 2023) (unpublished) (finding non-diligent a § 2255 movant who failed to explain the delay (citing *Stroman*, 603 F.3d at 302-03)).  Extended periods of inactivity indicate a lack of due diligence.  And unexplained delays do not show due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights" (citations omitted)).

Additionally, Reed does not assert that "rare and exceptional circumstances" prevented him from filing his § 2255 motion within the one-year period.  He does not allege that he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights.

In sum, Reed presents no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented the timely filing of his § 2255 motion.  He has thus failed to carry his burden of establishing that equitable tolling is warranted in this case.

Even assuming timely filing, however, Reed's § 2255 motion nonetheless fails.

**C.  Reed's Claims Lack Merit**

Reed argues the Court (1) denied his motion to suppress even though there was an unauthorized search of his residence and the witness lacked the authority to consent, (2) denied his rights under the Confrontation Clause during the motion to suppress hearing by excluding him from the courtroom during the testimony of a particular witness, and (3) permitted hearsay testimony from Detectives Markulec and Reuler.  Doc. 2 at 4-9.  However, on direct appeal, the United States Court of Appeals for the Fifth Circuit rejected precisely the claims that Reed now asserts here.  *Reed*, 838 Fed. App'x at 880-81.  Specifically, the appellate court found no error in the denial of the motion to suppress because the record supported the finding of apparent

authority and impliedly concluded that the evidentiary objections to portions of the detectives' testimony were meritless.  *Id.*

Because the Fifth Circuit previously rejected Reed's claims on direct appeal, he is barred from bringing them in this collateral proceeding.  *See United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997) (finding claims that were raised and rejected on direct appeal are barred from collateral review (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986))); *see also United States v. Rodriguez*, 821 F.3d 632, 633-34 (5th Cir. 2016) (finding movant could not employ a § 2255 motion to re-argue claims rejected in a prior direct appeal).

### III. CONCLUSION

For all these reasons, Reed's motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations and, in the alternative, as meritless.  *See* 28 U.S.C. § 2255(f); Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**SO RECOMMENDED** on February 13, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).